UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald Williams, Jr.,                              Civil No. 04-2911 (JRT/FLN)

                    Plaintiff,

        v.                                          **REPORT AND RECOMMENDATION**

Chris Pawelk,

                    Defendant.

_____

*Pro Se* Plaintiff.
Julie Leppink, Assistant Attorney General for the State of Minnesota, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on

Defendant's Motion for Summary Judgment [#35].[1]  The matter was referred to the undersigned for

Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).  For the reasons

which follow, this Court recommends Defendant's Motion be granted.

## I. FINDINGS OF FACT

Plaintiff Donald Williams, Jr., ("Plaintiff" or "Williams"), brings suit pursuant to 42 U.S.C.

§ 1983.  He alleges that Defendant Chris Pawelk, ("Defendant" or "Pawelk"), a Corrections

Hearings and Release Officer for the Minnesota Department of Corrections ("MDOC"), violated his

due process rights because she did not allow his witnesses to testify at his supervised release

revocation hearing.

---

[1]

The parties appeared before the Court on March 28, 2005, on Plaintiff's Motion for a Federal Grand Jury Investigation [#29] and on Defendant's Motion for a More Definite Statement [#32].  At that hearing, the Court informed the parties that the Court would decide Defendant's Motion for Summary Judgment on the written submissions unless the parties requested oral argument.

### A.      Plaintiff's Release Revocation Hearing

In March 1997, Plaintiff was sentenced to 18 months for criminal sexual conduct in the third degree in Ramsey County District Court.  Youngquist Aff. ¶ 2.  In May 2000, Plaintiff was placed on supervised release with the St. Cloud Office of the MDOC.  Id.  The special conditions of his supervised release included a requirement that Williams not engage in assaultive or violent behavior.  Dalby Aff. ¶ 2.

Wesley Dalby, MDOC Supervision Agent, was assigned to supervise Plaintiff in Summer 2000.  On July 10, 2000, Plaintiff went to Dalby's office for a scheduled appointment.  Id. at ¶ 4.  Plaintiff became agitated during the meeting.  He acted irrationally and aggressively toward Dalby, and made verbal threats toward him and his family.  Id. at ¶ 3.  Agent Dalby prepared a MDOC Violation Report, in which he recommended that Plaintiff's supervised release be terminated because his threatening behavior violated the terms of his release and because Plaintiff's increasingly aggressive behavior posed a public safety concern.  Id.  A supervised release revocation hearing was scheduled as a result of Dalby's report.[2]

Defendant Pawelk conducted the revocation hearing at the Stearns County Jail on July 18, 2000.  Pawelk Aff. ¶ 2; Pawelk Ex. 1.  During the hearing, Defendant followed MDOC procedures and informed Plaintiff of his right to present witnesses and evidence.  Id. at ¶ 3; Pawelk Ex. 1.  Defendant stated that he had sought the services of a private attorney, but no attorney was present at the hearing.  Id.; Pawelk Ex. 1.  Defendant offered to continue the hearing so Plaintiff could consult a private attorney, or Ruth Goldthwaite, the public defender.  Plaintiff stated that he wished

---

[2]

Plaintiff was also charged with a felony count of Terroristic Threats in Stearns County District Court.  Dalby Aff. ¶ 3.  The charge was eventually dismissed because Plaintiff was found incompetent to stand trial.  Id. at ¶ 5; Dalby Ex. 3.

to proceed with the hearing and represent himself.  Id.; Pawelk Ex. 1.

At the hearing, Plaintiff asked to call Nadell Fullwood and J. Buford Johnson to testify on his behalf.  Id. at 4.  Defendant told him that he could call these witnesses even though they had no direct knowledge of the meeting between Plaintiff and Agent Dalby.  Id.; Pawelk Ex. 1.  Before the hearing began, Agent Dalby had spoken briefly with a man who said he was there to support Plaintiff at the hearing.  Dalby Aff. ¶ 9.  When Agent Dalby went out of the hearing room to call Williams' witnesses to testify, no witnesses were present.  Id.  Plaintiff claims that his witnesses were present to testify, but were told they could not.  Johnson Aff., attached as Ex. 3 to Pl. Mem.; Fullwood Aff., attached as Ex 4 to Pl. Mem.

Agent Dalby testified at the hearing that Plaintiff violated the terms of his supervised release when he threatened Dalby during their meeting.  Dalby Aff. at ¶ 7.  Plaintiff testified on his behalf but offered no exhibits into evidence.  Pawelk Aff. at ¶ 8.  Defendant determined that Plaintiff had violated the provisions of his supervised release.  She directed Plaintiff to have a mental health evaluation, and recommended that he be returned to prison pending final disposition of the matter, which was continued for 30 days.  Pawelk Aff. Ex. 1; Youngquist Exs. 1, 7.

The record shows that Plaintiff had three additional revocation hearings after the hearing on July 18.  Youngquist Exs. 6-9.  His supervised release was not revoked until the final hearing occurred on September 11, 2000.  Youngquist Ex. 9.  Plaintiff was represented by an attorney at the second hearing.  He called no witnesses at any of the hearings.  Youngquist Exs. 6, 9.

### B.  Plaintiff's Previous Suit Against Defendant Pawelk

In November 2002, Plaintiff brought suit against Defendant Chris Pawelk in the United States District Court, District of Minnesota.  Williams v. Pawelk, Civ. No. 02-4317 (JRT/RLE)

("Williams I").  In his Complaint in that case, Plaintiff alleged that Defendant Pawelk violated his

due process rights at his release revocation hearing on July 18, 2000, by denying him his right to

present witnesses and evidence.  In his statement for relief, he requested actual and punitive

damages.  See Def. Mem. Ex. 2.  In a Report and Recommendation dated December 31, 2002,

Magistrate Judge Erickson found that Plaintiff's case was barred under Heck v. Humphrey, 512 U.S.

477 (1994).  See Id.  Judge Tunheim adopted the Report and Recommendation on March 31, 2003,

and dismissed Plaintiff's complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  See Def.

Mem. Ex. 1.

### C.    The Instant Litigation

Plaintiff initiated suit pursuant to 42 U.S.C. § 1983, on June 8, 2004, against Defendant

Pawelk in her individual and official capacities.  [#1].  He alleges that she violated his right to due

process, as secured by the Fourteenth Amendment to the United States Constitution, when she

denied him the right to present witnesses and evidence at the release revocation hearing on July 18,

2000.  Complaint at ¶ 11.  He requests actual and punitive damages.  Id. p. 3.

Defendant moved for summary judgment on February 1, 2005.  [#35].  She argues that

Plaintiff's suit is barred by res judicata, collateral estoppel, and the Eleventh Amendment; that she

is entitled to qualified immunity; and that she did not violate Plaintiff's due process rights as a

matter of law.

## II.  LEGAL ANALYSIS

### A.    Summary Judgment Standard of Review

The Supreme Court has held that summary judgment is to be used as a tool to isolate and

dispose of claims or defenses that are either factually unsupported or based on undisputed facts.  See

Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986).  Therefore, summary judgment is appropriate

when the moving party establishes that there is no genuine issue as to any material fact and  the

moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex, 477 U.S.

at 322-23.  For these purposes, a disputed fact is "material" if it must inevitably be resolved and the

resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is

such that a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, a court should construe all evidence in

favor of the non-moving party.  Id. at 255.  Thus, summary judgment is appropriate when the court

has viewed the facts and the inferences drawn from those facts, in a light most favorable to the non-

moving party, and found no triable issue.  See Southwall Technologies, Inc. v. Cardinal IG Co., 54

F.3d 1570, 1575 (Fed. Cir. 1995).

**B.    Although Plaintiff's Claim Is Not Barred by Res Judicata, It is Barred by the Heck Doctrine**

**1.    Res Judicata**

Defendant asserts that Plaintiff's suit is barred by res judicata because of the dismissal of

Williams I.  Under the doctrine of res judicata, or claim preclusion, a judgment on the merits in a

prior suit bars a second suit involving the same parties or their privies based on the same cause of

action.  Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990), citing Parklane Hosier Co. v. Shore, 439

U.S. 322, 326 n. 5 (1979).   The doctrine precludes the relitigation of a claim on grounds that were

raised or could have been raised in the prior action.  Id. (citation omitted).   Relitigation of a claim

is barred if four requirements are met: (1) the prior judgment was rendered by a court of competent

jurisdiction; (2) the prior judgment was a final judgment on the merits; (3) the same cause of action

exists in both cases; and (4) the same parties or their privies were involved in both cases. Id. at 742; Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001).

Here, Defendant argues that all four requirements are met and Plaintiff is barred from relitigating the issues in Williams I.  The Court disagrees.  It is true that Plaintiff asserts the same cause of action against the same defendant as he did in Williams I, and that Williams I was dismissed by a court of competent jurisdiction.  Importantly, however, the dismissal of Williams I, pursuant to 28 U.S.C. § 1915, was not a dismissal on the merits for res judicata purposes.

In Williams I, Plaintiff provisionally commenced his suit in conjunction with an Application to proceed in forma pauperis ("IFP").  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), such provisional actions are to be immediately reviewed, prior to the service of process, for possible dismissal due to frivolousness.  See Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994) (citations omitted). Accordingly, Magistrate Judge Erickson reviewed Plaintiff's Complaint in Williams I, and recommended it be dismissed as frivolous in light of Heck, 512 U.S. at 477.  See Report and Recommendation, attached as Ex. 2 to Def. Mem.  In his Order adopting the Report and Recommendation, Judge Tunheim dismissed Williams I "as frivolous, pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(i)."  See Order, attached as Ex. 1 to Def. Mem.

This Court's dismissal of Williams I pursuant to section 1915 does not constitute a "final judgment on the merits" for res judicata purposes and does not preclude Plaintiff from refiling his action with a paid Complaint.  A "section 1915(d)[3] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute."  Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994) (quoting Denton v. Hernandez, 504 U.S. 25, 34 (1992).  A section

---

[3] 28 U.S.C. § 1915(d) was recodified as § 1915(e) in 1996.

1915 dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton, 504 U.S. at 34. Thus, under Denton, the Court may not summarily dismiss a fee-paid case merely because it duplicates a prior case dismissed during the IFP screening process. But see Marts v. Hines, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc) (identifying instances when the dismissal of an IFP complaint may prejudice a later-filed, fee-paid action, including instances where the complaints contained claims which, on their face, were subject to an obvious meritorious defense). Because the Court dismissed Plaintiff's action as part of the § 1915 IFP screening process, res judicata does not apply to preclude his instant fee-paid action.

### 2.      The Heck Doctrine

Even though res judicata does not preclude Plaintiff's action, the Court finds that Plaintiff's action is nonetheless precluded by the doctrine in Heck. In Heck, the Supreme Court ruled that a court must dismiss a plaintiff's claim for civil damages when adjudication of that claim necessarily implies the invalidity of the plaintiff's conviction or sentence. Id. at 487; see also Moore v. Sims, 200 F.3d 1170, 1172 (8th Cir. 2000). In such cases, the plaintiff must first seek to invalidate the conviction or sentence before seeking civil damages. Id; see also Wilson v. Lawrence County, 154 F.3d 757, 760 (8th Cir. 1998).

Here, Plaintiff alleges that Defendant violated his due process rights by disallowing him to present witnesses at his supervised release revocation hearing. He claims that Defendant's actions resulted in the revocation of his release and his subsequent reincarceration. He seeks damages as a result of the alleged violations. According to Heck, however, civil rights claims based on constitutional improprieties that allegedly occurred during a prisoner's state criminal case cannot properly be brought in federal court, unless the plaintiff first establishes, in a state or federal post-

conviction proceeding, that his incarceration was in fact constitutionally invalid.  Plaintiff cannot collaterally attack his incarceration in this section 1983 action on the basis that his constitutional rights were violated.

In short, Plaintiff has brought the same suit against Defendant Pawelk that he brought in Williams I in 2002.  Plaintiff has failed to allege new facts or legal theories to avoid the preclusive rule in Heck.  Just as the Heck doctrine barred his action in Williams I, it precludes the instant action.  Plaintiff's claims should be dismissed.

### C.      Defendant Did Not Violate Plaintiff's Due Process Rights

Even if Heck does not apply to preclude Plaintiff's suit, his claim fails as a matter of law because he has not established that Defendant violated his right to due process.

A parole or release revocation proceeding must meet minimum due process requirements. Morrissey v. Brewer, 408 U.S. 471, 489 (1972).  In Morrissey, the United States Supreme Court held that a parolee's liberty involves significant values within the protection of the due process clause of the Fourteenth Amendment.  Therefore, termination of that liberty requires an informal hearing to assure that "the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior."  Id. at 484. Thus, "the parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation."  Id. at 488.  The Court proceeded to hold that the revocation hearing must conform to the "minimum requirements of due process," which specifically include: written notice of the claimed violations of parole; disclosure to the parolee of evidence against him; opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and

cross-examine adverse witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); a neutral and detached hearing body; and a written statement by the fact finders as to the evidence relied on and reasons for revoking parole. Id. at 489. Here, Plaintiff argues that his revocation hearing failed to meet the due process requirements because Defendant Pawelk specifically instructed his witnesses, who were present at the county jail during the hearing, that they could not testify. See Johnson Aff.; Fullwood Aff., attached as Exs. 3 and 4 to Pl. Mem.

Viewing the facts in the light most favorable to Plaintiff, the Court finds, as a matter of law, that he cannot establish that his due process rights were violated during his release revocation proceedings. It appears to the Court that the hearing on July 18, 2000, comported to the procedural requirements set forth in Morrissey. Defendant Pawelk informed Plaintiff of his procedural rights, including his right to present witnesses and evidence on his behalf, at the beginning of the hearing. In addition, she afforded him the opportunity to continue the hearing to consult a private attorney or the public defender. Plaintiff chose to proceed with the hearing and represent himself.

Even if a procedural violation occurred during the hearing on July 18, any violation was cured by the three additional revocation hearings Plaintiff received. At the hearing on July 18, Defendant Pawelk did not revoke Plaintiff's supervised release. Instead, she continued final disposition of the case for thirty days so Plaintiff could obtain a mental health evaluation. Plaintiff's supervised release was not finally revoked until after he had received three additional revocation hearings. Even if the July 18 hearing was deficient, Plaintiff was able to invoke his right to present witnesses at the three subsequent hearings. (Plaintiff does not challenge any of the three subsequent hearings.) Thus, the subsequent hearings remedied any procedural deficiency in the July 18 hearing.

See State v. McManus, 306 Minn. 487, 492, 238 N.W.2d 597, 600 (1976) (holding that any procedural irregularity that occurred during a work release termination hearing was adequately remedied when a constitutionally sufficient hearing was later held); see also U.S. v. Redd, 318 F.3d 778, (8th Cir. 2003) (applying harmless error test to defendant's claim that revocation hearing violated his constitutional rights);U.S. v. Martin, 382 F.3d 840, 846 (8th Cir., 2004) (same).  The Court finds that Plaintiff had ample opportunity to be heard and that the procedure he received during his revocation hearings satisfied the minimum due process requirements set forth in Morrissey.

In sum, Plaintiff's action is precluded by Heck.  Furthermore, Plaintiff had opportunity to remedy any alleged procedural deficiency in the July 18 hearing in his three subsequent revocation hearings.  Plaintiff fails to establish, as a matter of law, that his due process rights were violated and his claim should be dismissed.[4]

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Summary Judgment [#35] be **GRANTED.**

DATED: July 13, 2005                          s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 1, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection

---

[4] The Court notes that Defendant also argues that Plaintiff's claims should be dismissed because they are barred by the Eleventh Amendment and because she is entitled to qualified immunity.  Because the Court finds that Plaintiff's claims should be dismissed pursuant to Heck, and because he fails to establish a due process violation as a matter of law, it states no opinion regarding the viability of these arguments.

is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.