**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| DONALD WILLIAMS, | Civil No. 04-2911  (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| CHRIS PAWELK, | |
| Defendant. | |

---

Donald Williams, c/o Archie J. Robinson, P.O. Box 56213, New Orleans, LA  70156, plaintiff *pro se*.

Julie Leppink, Assistant Attorney General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, St. Paul, MN, 55101, for defendant.

Plaintiff Donald Williams alleges that defendant violated his Constitutional right to present witnesses and evidence at a parole revocation hearing on July 18, 2000. Defendant moved for summary judgment.  United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation dated July 13, 2005 recommending that the motion be granted, to which the plaintiff objects.  The Court has conducted a *de novo* review of the plaintiff's objection pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2).   For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and grants the defendant's motion for summary judgment.

The Court agrees with the Magistrate Judge that this suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).   Plaintiff's claim, if successful, would necessarily undermine his conviction of having violated his parole.  Accordingly, under *Heck*, this claim may not be pursued in a § 1983 action unless and until plaintiff has successfully challenged the underlying conviction.

Additionally, the Court agrees that assuming *arguendo* that plaintiff was prevented from presenting witnesses and evidence at the July 18, 2000 hearing in violation of his right to due process, that error was harmless.  *See United States v. Redd*, 318 F.3d 778 (8th Cir. 2003) (applying harmless error test to defendant's claim that revocation hearing violated his constitutional rights).  The July 18 hearing did not result in revocation of plaintiff's parole.  Rather, his parole was revoked only after three additional hearings were held.  During those hearings, which plaintiff does not complain about, plaintiff had the opportunity, but failed, to call witnesses and, on at least one occasion, was represented by counsel.  The Court finds that any error committed during the July 18 hearing was remedied by the three subsequent hearings.

## ORDER

Based on the foregoing and all of the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections   [Docket No. 55] and **ADOPTS** the Magistrate Judge's Recommendation [Docket No. 54].  Accordingly, **IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment [Document No. 35] is **GRANTED.**

- 3 -

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   September 8, 2005                          s/ John R. Tunheim            _
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                  United States District Judge